```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

| | |
|---|---|
| JANE YUST,<br><br>                Plaintiff,<br><br>    v.<br><br>NORTH CHICAGO COMMUNITY UNIT<br>SCHOOL DISTRICT 187,<br><br>                Defendant. | Case No. 15 C 7548<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant School District's (the "District") Motion to Dismiss Plaintiff's First Amended Complaint. [ECF No. 13]. For the reasons stated herein, the Motion is denied.

## I. BACKGROUND

The following facts are drawn from the allegations in the Complaint and the supporting exhibits, which are taken as true for the purposes of deciding this motion to dismiss. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Plaintiff began working for the District as a music teacher in 2001. In 2012, after suffering a loss in enrollment, the District instituted procedures to lay off experienced teachers and hire younger, inexpensive teachers. Teachers were subjected to a formal evaluation every two years, and out of their three

most recent evaluations, the best two were considered in making layoff determinations.

Plaintiff had received "excellent" ratings on her two most recent evaluations. But, in February 2013, Plaintiff received a "proficient" rating. Plaintiff contends that this evaluation misrepresented her attendance record and musical knowledge. As a result of the "proficient" rating, Plaintiff was placed on a professional growth plan and subjected to increased scrutiny and more frequent evaluations. In fact, Plaintiff was subjected to two formal evaluations during the 2012-2013 academic year. Additionally, Plaintiff alleges that throughout that year she was subjected to bullying, threats, harassment, and humiliation in the form of memos and daily visits to her class room by the principal.

On July 25, 2013, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"), claiming the negative performance evaluation and general scrutiny amounted to age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"). Plaintiff alleges that, after she filed her EEOC complaint, during the 2013-2014 and 2014-2015 school years, she was subjected to excessive observations. Specifically, Plaintiff alleges that she was not due for a formal evaluation until the 2015-2016

academic year, yet she was subjected to numerous informal observations during the 2014-2015 year; in one such evaluation, the principal gave Plaintiff a "needs improvement" rating in classroom management. Plaintiff contested the accuracy of this evaluation.

Additionally, Plaintiff alleges that after filing her EEOC complaint, the District and the principal created a hostile work environment by forcing her to teach larger classes in smaller classrooms, harassing and criticizing her in front of her peers, and failing to respond to her safety concerns after she was assaulted by a student. Following the assault, on March 4, 2015, Plaintiff provided the principal with a "Legal Exposure" memorandum, which detailed her safety concerns regarding security issues at the school. Safety was addressed in a meeting on March 18, 2015, but no additional security was hired. Thus, after the meeting, Plaintiff informed the District by email that because her husband was so concerned for her safety, he had offered to hire a security guard for the school on his own dime. Two days later, in a letter dated March 20, 2015, the District placed Plaintiff on administrative leave.

Plaintiff returned to work with the District the following school year, but her relationship with the administration did not improve. On October 30, 2015, the principal again observed

Plaintiff's classroom, this time giving her an "unsatisfactory" rating.  This rating, like the others, increased Plaintiff's risk of further probation or dismissal.

Plaintiff did not file a separate EEOC complaint citing these additional allegations.  On May 28, 2015, the EEOC concluded that Plaintiff's EEOC complaint failed to establish an ADEA violation.  Plaintiff initiated this action on August 27, 2015.  In Plaintiff's First Amended Complaint she raises claims of age discrimination, retaliation, and hostile work environment under the ADEA.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) requires the Court to analyze the legal sufficiency of the complaint, not the factual merits of the case.  *Autry v. Nw. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true, and view them in the light most favorable to the plaintiff. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir. 1987).

### III. ANALYSIS

The District makes two arguments in support of its motion to dismiss: (1) the allegations in the Complaint stemming from the 2013-2014 and 2014-2015 school years must be dismissed because they have not been administratively exhausted; and (2) the claims fail under the ADEA because Plaintiff has not alleged that she suffered an adverse employment action. The Court addresses each argument in turn.

#### A. Exhaustion

"As a general rule, any claim that an ADEA Plaintiff wishes to pursue in federal court must first be presented to the EEOC." *Sauzek v. Exxon Coal, USA, Inc.,* 202 F.3d 913, 920 (7th Cir. 2000). A failure to exhaust is normally considered to be an affirmative defense. *Mosely v. Bd. of Educ. of City of Chgo,* 434 F.3d 527, 533 (7th Cir. 2006). A plaintiff has no obligation to allege facts negating an affirmative defense in her complaint. *Id.* As such, under Rule 12(b)(6), a court may grant a motion to dismiss for failure to exhaust only if, after taking the allegations in the light most favorable to the plaintiff, the failure to exhaust is clear from the face of the complaint. *Id.; Walker v. Thompson,* 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The Seventh Circuit has held that a plaintiff may pursue claims not asserted in an EEOC charge if the claims are "reasonably related" to a claim that has been administratively exhausted. *Sauzek,* 202 F.3d at 920. To be "reasonably related" the additional claims must "reasonably be expected to grow out of an investigation of the allegations in the [EEOC] charge." *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). At a minimum, the additional claims and the EEOC charge must "describe the same conduct and implicate the same individuals." *Moore v. Vital Products, Inc.,* 641 F.3d 253, 257 (7th Cir. 2011). Because EEOC complaints are filed by laymen, not lawyers, courts must liberally construe the administrative filings when evaluating whether claims are reasonably related to the charges in a plaintiff's complaint. *Cheek,* 31 F.3d at 500.

In Plaintiff's EEOC complaint, she alleged that she had been "disciplined and subjected to different terms and conditions of employment, including, but not limited to, negative performance evaluations and scrutiny." In her Complaint filed with this Court, Plaintiff adds detail to her EEOC charge, and includes additional allegations stemming from the 2013-2014 and 2014-2015 school years — all of which occurred after her EEOC complaint was filed. These additional claims include being assaulted by a student, being forced to teach

larger classes in smaller classrooms, being subjected to excessive observations, and being placed on administrative leave.

Taking the allegations in the light most favorable to Plaintiff, the Court is unable to say that the additional claims are not reasonably related to the allegations in Plaintiff's EEOC charge. The Court can imagine a factual scenario in which Plaintiff's additional claims could "reasonably be expected to grow out of an investigation of the allegations" in her EEOC complaint. *See, Cheek,* 31 F.3d at 500. Specifically, Plaintiff contends that teachers were only subject to formal evaluation every two years, and that she was not due for another formal evaluation until the 2015-2016 school year. But, due to receiving a poor evaluation in 2013 and being placed on a professional growth plan (the actions forming the basis of her EEOC charge), Plaintiff was subjected to increased scrutiny and excessive observations in the following two academic years. This increased scrutiny led to additional poor evaluations and increased tension between her and the administration, which in turn, ultimately led to Plaintiff being placed on administrative leave.

The conduct in Plaintiff's EEOC charge set in motion a series of increasingly acrimonious interactions between her and

the administration, culminating in her suspension from work. Though Plaintiff's additional claims accrued over the course of two years following her EEOC charge, they involve similar conduct and implicate the same perpetrators — the principal and the District — as the EEOC charge. Thus, the need for Plaintiff to administratively exhaust these claims through separate EEOC complaints is not clear from the face of the Complaint. The Court declines to dismiss these allegations.

### B. Adverse Employment Action

The District next argues that Plaintiff's claims fail under the ADEA because she has not alleged that she suffered an adverse employment action. "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Oest v. Ill. Dept. of Corr.*, 240 F.3d 605, 613 (7th Cir. 2001). Adverse employment actions must be materially adverse to be actionable, meaning more than a "mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). "Otherwise, minor and even trivial employment actions that 'an . . . employee did not like would form the basis of a discrimination suit.'" *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) (citation omitted).

Adverse employment actions generally fall into three categories: (1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) a change in job duties that causes an employee's skills to atrophy and reduces future career prospects; and (3) an unbearable change in job conditions such as a hostile work environment or conditions amounting to constructive discharge. *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453-54 (7th Cir. 2011). For example, a "materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady*, 993 F.2d at 136. A court must consider the particular facts and circumstances of each situation when analyzing whether an adverse action is material. *Oest*, 240 F.3d at 613.

Plaintiff contends that after she received an unwarranted, poor performance evaluation she was placed on a professional growth plan, subjected to increased scrutiny, and ultimately placed on administrative leave. On their own, the poor performance evaluation, the professional growth plan, and the increased scrutiny do not amount to adverse employment actions. *Sweeny v. West*, 149 F.3d 550, 556 (7th Cir. 1999) (a reprimand

does not constitute an adverse employment action unless it is accompanied by tangible job consequences). But when taken together and viewed in combination with the resulting administrative leave, the allegations are sufficient adverse actions. It is reasonable to assume that this period of administrative leave resulted in a reduction or loss of pay. Thus, the District's argument that the ADEA does not provide any remedy for this type of adverse action is without merit at this stage in the proceedings.

## IV. CONCLUSION

For reasons stated herein, the District's Motion to Dismiss [ECF No. 13] is denied.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

Dated: April 21, 2016